NICOLA M. GASPERELLI *vs.* MARIO J. CAVAGNARO.

Suffolk.    March 5, 1926. — June 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Witness*, Impeachment. *Evidence*, Competency. *Practice, Civil*, Exceptions.

Where, at the trial of an action of tort for personal injuries caused by falling on a sidewalk adjoining premises of the defendant, a police officer had testified for the defendant that on the evening of the accident he had tested the sidewalk in places, but not the whole sidewalk, and that where he tested he found ashes, and that the sidewalk was not slippery, an exception by the plaintiff to the exclusion of questions asked of an inspector of police, called in rebuttal to contradict the police officer, whether, in a conversation between that witness and the police officer with "reference to this condition of the sidewalk at the time of the accident," the officer had told him that the sidewalk was or was not slippery at the time of the accident, and whether there then was "anything said . . . by him [the officer] . . . about there being ashes on the sidewalk," must be overruled if the record shows that the questions were not accompanied by an offer of proof as to answers expected except that they would "contradict" the defendant's witness, since it did not appear that the answers to the questions would tend to contradict the defendant's witness.

TORT for personal injuries alleged to have been caused by a fall upon a sidewalk adjoining a building of the defendant. Writ dated February 14, 1923.

In the Superior Court, the action was tried before *Dubuque*, J. A police officer named Hansen, called by the de-

fendant, testified as described in the opinion. The plaintiff in rebuttal called a police inspector named Ready and asked him, "I am going to ask you whether or not the officer [Hansen] told you at the time of your investigation of this case that the sidewalk was or was not slippery at the time of the accident"; and "In your talk with Officer Hansen with reference to this condition of the sidewalk at the time of the accident, was there anything said at that time by him to you about there being ashes on the sidewalk?" No offer was made as to what answers were expected, excepting that they were offered to contradict Hansen. The questions were excluded subject to exceptions by the plaintiff. There was a verdict for the defendant. The plaintiff alleged exceptions.

*R. B. Brooks*, for the plaintiff.

*D. B. Beard*, for the defendant.

WAIT, J. The plaintiff is right in his contention that evidence was admissible to show that the defendant's witness, Hansen, had made a statement to the witness Ready which contradicted what Hansen said upon the witness stand.

His difficulty is that he does not show by his bill of exceptions that he had such evidence to introduce. He called Ready as his witness. It must be assumed that he knew what Ready would testify. Nothing indicates that Ready was an unwilling witness, yet he nowhere offers to show language used to Ready by Hansen which contradicts the language Hansen used in testifying.

The questions put to Ready do not ask him to state the words used by Hansen which the plaintiff contends to be in conflict with the testimony given. They ask whether Hansen told Ready that the sidewalk was or was not slippery, and whether anything was said by Hansen about ashes being on the walk. No statement appears in the bill of exceptions in regard to the answer expected. Hansen had testified that on the evening of the accident he had tested the sidewalk in places, but not the whole sidewalk; that where he tested, he found ashes, and that the sidewalk was not slippery. The judge was right in holding that a statement to Ready that the sidewalk was slippery, or a failure to say anything to Ready about ashes would not be a contradiction. It does

not appear, however, that the witness was expected to testify that Hansen did not speak of the ashes, or that he said the walk was slippery.

The fact, if it was a fact, that Hansen said nothing of ashes to Ready, was not admissible. *State* v. *Barrington*, 198 Mo. 23. A statement that the sidewalk was slippery would be consistent with the testimony that where it was examined it was not slippery.

There was no error in the rulings.

*Exceptions overruled.*